IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY D. BEARDEN,<br><br>        Peititoner,<br><br>  v.<br><br>M.S. EVANS, et al.,<br><br>        Respondents.<br>_____ | No. C 05-4106 MMC (PR)<br><br>**ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**(Docket No. 3)** |

    Petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole.  It is clear from the petition, however, that petitioner has not presented his claims to the Supreme Court of California.

    A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

    Prisoners in state custody who wish to challenge either the fact or length of their confinement in federal court by a petition for a writ of habeas corpus are first required to

exhaust state judicial remedies, either on direct appeal or through state collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Duckworth v. Serrano, 454 U.S. 1, 3 (1981). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. See id. at 4-5. Here, petitioner filed a form petition in which he indicates that he has not presented the claims raised herein to any of the California courts. (See Pet. at 4-6.) Petitioner must present his claims to the Supreme Court of California prior to raising them in a habeas petition in this court.

In light of the foregoing, the instant petition is DISMISSED for failure to exhaust state court remedies. This dismissal is without prejudice to petitioner's returning to federal court after exhausting his state court remedies by presenting his claims to the Supreme Court of California. See Johnson v. Lewis, 929 F.2d 460, 464 (9th Cir. 1991).

The application to proceed in forma pauperis is GRANTED.

This order terminates Docket No. 3.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: October 27, 2005

_____
MAXINE M. CHESNEY
United States District Judge